FRED L. TRIPP *vs.* MANUEL SILVERIA.

JANUARY 13, 1928.

PRESENT: Sweetland, C. J., Rathbun, Sweeney, and Barrows, JJ.

SWEENEY, J.    This is an action of the case in assumpsit in which a jury in the Superior Court returned a verdict for the plaintiff.    Defendant has brought the action to this court by his bill of exceptions.

The action is brought to recover the value of labor and materials furnished by plaintiff in repairing defendant's boat.    Plaintiff filed a bill of particulars showing his claim to be $1,024.77.    He credited defendant with $202.50 and claimed a balance of $822.27.

The defense was that plaintiff agreed to furnish the materials and do the work necessary to repair the boat for $350 and to have it ready for use by May 1, 1925.    Plaintiff denied that he made such an agreement.    On these issues the jury specially found that there was a specific agreement on the part of the plaintiff to furnish the materials and perform the labor as set out in his bill of particulars for the specific sum of $350 and that he agreed to complete the work on or before May 1, 1925.    The jury also returned a general verdict for the plaintiff for $372.25.

Defendant made a motion for a new trial on the grounds that the damages awarded by the jury were excessive and that the general verdict was inconsistent with the special findings. The motion was denied by the trial justice because he was of the opinion that substantial justice had been done by the general verdict. Defendant duly excepted to this decision and now claims that he should be granted a new trial for the reasons stated in his motion for a new trial.

The first special finding being that plaintiff expressly agreed to repair defendant's boat for $350, plaintiff can not demand more than said amount for his work done under his contract. Defendant admits that plaintiff did some work on the boat not included in his contract of the value of $40. Plaintiff received $202.50 on account leaving a balance of $187.50 due him. It thus appears that the general verdict for $372.25 is grossly excessive.

We can not order judgment for plaintiff for the balance due him because defendant introduced testimony by way of recoupment tending to prove a loss, on account of the noncompletion of the work on the boat by May 1st, more than sufficient to extinguish the balance due plaintiff. Plaintiff admits that he did not complete the work on the boat until the latter part of June and the jury found specially that it was to be completed on or before May 1st. The trial justice was of the opinion that the jury allowed the defendant a substantial sum by way of recoupment for the loss he sustained as a lobster fisherman on account of the delay in getting his boat. If this be so, the balance due the plaintiff would be diminished, if not extinguished, by the amount allowed the defendant.

Special findings are inconsistent with the general verdict when they, as a matter of law, require a different judgment from that which the general verdict requires. 38 Cyc. 1927. In *Healey* v. *N. Y., N. H. & H. R. R. Co.*, 20 R. I. 136, this court considered the special findings and found them inconsistent with the general verdict and ordered a new trial.

From the facts above stated it clearly appears that the balance due plaintiff under the first special finding is inconsistent with the amount of the general verdict. Also it is impossible to ascertain from the record the amount allowed defendant by way of recoupment for plaintiff's failure to repair the boat by May 1st. It is, therefore, necessary to order a new trial.

Defendant's exception is sustained and the case is remitted to the Superior Court for the county of Newport for a new trial.

*Grim, Littlefield & Eden, Benjamin W. Grim,* for plaintiff.
*Edward DeV. O'Connor, Edward G. O'Connor,* for defendant.